UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAPITOL SPECIALTY INSURANCE
CORPORATION, a foreign corporation,

      Plaintiff,

vs.

THE LIGHT HOUSE GROUP USA, INC.;
MARK E. WILSON; MARK NICHOLAS
WILSON; and J.G., by and through GLORIA
GUITY, as mother and next friend,

      Defendants.

CASE NO.:

## COMPLAINT FOR DECLARATORY RELIEF

**COMES NOW** the Plaintiff Capitol Specialty Insurance Corporation (hereinafter referred to as "Capitol") and sues the Defendants, The Light House Group USA, Inc. (hereinafter referred to as the "Light House Group"; Mark E. Wilson; and Mark Nicholas Wilson (hereinafter collectively referred to as the "Light House Group Defendants"); and J.G., by and through Gloria Guity, as mother and next friend (hereinafter referred to as "J.G."); and as grounds therefore states:

### VENUE AND JURISDICTION

    1.    This is an action for Declaratory Relief pursuant Chapter 86, Florida Statues, to determine the parties' rights and obligations pursuant an insurance policy.

    2.    This Court has jurisdiction pursuant 28 USC §1332 because complete diversity exists and more than $75,000.00 is at issue, exclusive of attorney's fees, interest and costs.

3. The alleged events which give rise to this action occurred in Miami-Dade County, Florida. All Defendants reside or have their principal place of business in Miami-Dade County County, Florida.

4. Venue is proper with this Court.

## PARTIES

5. At all times material, Capitol is a foreign corporation with its principal place of business in Middleton, Wisconsin. Capitol is a Wisconsin corporation, and is a citizen of Wisconsin.

6. At all times material, The Light House Group USA, Inc. is a Florida Corporation with its principal place of business located in Miami-Dade County, Florida. As such The Light House Group USA, Inc. is a citizen of Florida.

7. At all times material, Mark E. Wilson is an individual who resides in Miami-Dade County, Florida, and is a citizen of Florida.

8. At all times material, Mark Nicholas Wilson is an individual who resides in Miami-Dade County, Florida, and is a citizen of Florida.

9. At all times material, Gloria Guity is the mother and natural guardian of J. G., and is an individual who resides in Miami-Dade County, Florida. As such, Gloria Guity is a citizen of Florida.

## CAPITOL INSURANCE POLICY

10. Capitol issued to The Lighthouse Group USA, Inc. a policy of insurance, bearing Policy No. CS01320246 (the "Policy").

11. The Policy was issued with effective dates of May 7, 2010 through May 7, 2011, and includes $300,000 per-occurrence limits.

12. A copy of the Policy is attached hereto as composite **Exhibit "A"**.

13. The Policy identifies the business of the insured as "Life Experience Training for Disabled People," and classifies the insured's business as a "service organization." [*see* Exh. A at p. 1 (Form CICG 174); p. 12 ( Form CICL 043)].

14. The Policy's Commercial General Liability Coverage Form provides the following, as amended by the Commercial Professional Liability Endorsement:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement.**
>
>    a. **We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or any negligent act, error or omission in the rendering of or failure to render professional services by an insured of the type described in the Declarations. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" or any negligent act, error or omission in the rendering of or failure to render professional services by an insured to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result...**
>
>    b. **This insurance applies to "bodily injury" and "property damage" only if:**
>
>       (1) The "bodily injury" or "property damage" is caused by an "occurrence"...

15. Thus, coverage for bodily injury under Coverage A of the Policy's Commercial General Liability Form is limited to damages arising out of an "occurrence."

An occurrence is defined under the Policy as an "accident." [*See* Exh. A at p. 29 (definitions)].

16. Coverage A of the Policy's Commercial General Liability Form provides the following exclusions, as amended by the Commercial Professional Liability Endorsement:

**2. Exclusions**

**This insurance does not apply to:**

**Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured...

**Criminal Acts**

Any damages arising out of any dishonest, fraudulent, criminal, malicious or knowingly wrongful act, error or omission committed by or at the direction of the insured.

**Other Professional Services**

Any damages arising out of the rendering of or failure to render professional services not described in the Declarations.

**Abuse or Molestation**

a. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

b. The negligent:

(1) Employment;
(2) Investigation;
(3) Supervision;
(4) Reporting to the proper authorities, or failure to so report; or
(5) Retention;

Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph a above.

17.     Section II of the Commercial General Liability Coverage Form contains the following conditions:

**SECTION II – WHO IS AN INSURED**

**1. If you are designated in the Declarations as:**

...

d.  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
...

**2. Each of the following is also an insured:**

a.  Your..."employees", other than...your "executive officers"...but only for acts within the scope of his or her employment by you or while performing duties related to the conduct of your business...

18.     Section IV of the Commercial General Liability Coverage Form contains the following conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

2.      **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

19. The Policy's Limitation – Classification Endorsement provides as follows:

### LIMITATION – CLASSIFICATION

**This insurance applies to "bodily injury," "property damage," "personal and advertising injury," or medical expense arising out of only those operations, which are classified and shown, on the Commercial General Liability Coverage Declarations, its endorsements, and supplements.**

### THE "J.G." LAWSUIT

20. On or about February 7, 2013, J.G., by and through GLORIA GUITY, as mother and next friend, filed a lawsuit against THE LIGHT HOUSE GROUP USA, INC.; MARK E. WILSON; and MARK NICHOLAS WILSON in the Circuit Court of the Eleventh Judicial

Circuit, in and for Miami-Dade County, Florida, Case No. 13-4603 CA 5 (hereinafter the "J.G. Lawsuit").

21. A complete and true copy of the currently operative Complaint in the J.G. Lawsuit is attached as **Exhibit "B"**.

22. In this lawsuit, J.G. alleges damages arising out a September 23, 2012 incident, while J.G. was under the Light House Group's care at the Light House Group's adult day care center. [*See* Exhibit "B", paras. 10 & 11].

23. The lawsuit alleges the Light House Group Defendants' liability under various theories, including negligent supervision (Counts I and III, against Light House Group), negligent hiring and retention (Count II, against Light House Group); negligent security (Count IV, against Light House Group), and general negligence (Counts V and VI, against Mark E. Wilson and Mark Nicholas Wilson, respectively).

24. Each of the six counts of the J.G. Lawsuit expressly allege damages arising out of Mark Nicholas Wilson's assault and battery of J.G. [See Exhibit "B", para. 24 (Count I); para. 44 (Count II); para. 60 (Count III); para. 64 (Count IV); para. 91 (Count V); para. 93 (Count VI)].

25. The Light House Group was served with this lawsuit on February 12, 2013, and Mark E. Wilson and Mark Nicholas Wilson were served on February 27, 2013.

26. The Light House Group Defendants failed to provide Capitol with any notice of the lawsuit or underlying claim, or to otherwise respond to this lawsuit, and a default was entered against the Light House Group Defendants on August 20, 2013.

27. For the reasons explained in Count I, below, Capitol has notified the Light House Group Defendants that no coverage exists for the underlying claim. However, Capitol has also provided a defense counsel to the insured under a full reservation of rights to attempt to set aside

the default judgment entered against the Light House Group Defendants and to defend the damages claim during the pendency of this declaratory action.

28. The assigned defense counsel's motion to vacate the default has been denied by the underlying court. Therefore, the default judgment remains in place and the J.G. Lawsuit will be tried solely on the issue of damages.

29. As a result of the Light House Group Defendants' material breach of the Policy's terms, Capitol has been prejudiced in its defense and investigation of the J.G. Lawsuit.

## COUNT I
## DECLARATORY RELIEF AS TO ALL DEFENDANTS

30. Capitol re-alleges all paragraphs above as though fully set forth herein.

31. This is an action for Declaratory Relief, pursuant to Chapter 86, Florida Statutes.

32. The parties are in doubt as to their rights under the Policy.

33. The parties are in need of immediate judicial determination, and this action does not constitute mere legal advice.

34. All conditions precedent are satisfied or have otherwise been waived.

### ABUSE OR MOLESTATION EXCLUSION

35. All assault or battery injuries alleged under the J.G. Lawsuit are excluded from coverage under the Policy's Abuse or Molestation Exclusion, regardless of the theory under which J.G. seeks recovery.

36. Therefore, Capitol seeks a declaration that all claims brought under the J.G. Lawsuit are excluded from coverage under the Policy's Abuse or Molestation Exclusion.

## CRIMINAL ACTS EXCLUSION

37.     All injuries alleged under the J.G. Lawsuit arise out of a criminal act and are therefore also excluded from coverage under the Policy's Criminal Acts Exclusion, regardless of the theory under which J.G. seeks recovery.

38.     Therefore, Capitol seeks a declaration that all claims brought under the J.G. Lawsuit are excluded from coverage under the Policy's Criminal Acts Exclusion.

## EXPECTED OR INTENDED INJURY EXCLUSION

39.     All assault or battery injuries alleged under the J.G. Lawsuit were expected or intended from the standpoint of the insured and are therefore also excluded from coverage under the Policy's Expected or Intended Injury Exclusion, regardless of the theory under which J.G. seeks recovery.

40.     Therefore, Capitol seeks a declaration that all claims brought under the J.G. Lawsuit are excluded from coverage under the Policy's Expected or Intended Injury Exclusion.

## NO OCCURRENCE

41.     The assault or battery injuries alleged under the J.G. Lawsuit were not accidental, and therefore do not constitute an "occurrence" which gives rise to coverage under the Policy for bodily injury.

42.     Therefore, Capitol seeks a declaration that the J.G. Lawsuit does not allege an occurrence which gives rise to coverage under the Policy.

## INSURED'S BREACH OF NOTICE AND COOPERATION PROVISIONS

43.     Capitol also seeks a declaration that it has been materially harmed by the Light House Group Defendants' failure to notify Capitol of the subject claim or to cooperate in the investigation and defense of the J.G. Lawsuit.

44. By reason of the foregoing, Capitol is also entitled to a judgment declaring that the Light House Group Defendants are not entitled to coverage under the Policy, and that Capitol has no duty to defend or indemnify any insured for the allegations of the J.G. Lawsuit.

45. In addition, Capitol is entitled to a judgment declaring that the Policy is voided, and that Capitol has no duty to defend or indemnify any insured for the allegations of the J.G. Lawsuit.

WHEREFORE, Plaintiff Capitol Specialty Insurance Corp. seeks declaratory relief from the Court including but not limited to a declaration that the Light House Group Defendants are not entitled to coverage under the Policy, and all other relief that this Honorable Count deems proper.

## DEMAND FOR JURY TRIAL

CAPITOL demands trial by jury on all issues so triable.

Dated: April 17, 2014

Respectfully Submitted,

By: /s/ Bruce Aebel

Bruce A. Aebel
Florida Bar No: 0066435
Email: baebel@bankerlopez.com
Garett Raines
Florida Bar No: 0037178
Email: graines@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL  33602
(813) 221-1500
Fax No: (813) 222-3066
Attorneys for Plaintiff
Capitol Specialty Insurance Corp.